IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUSTIN ZIMMERMAN,** *et al.*, | : CIVIL NO. 1:CV-06-1893 |
| **Plaintiffs** | : |
| v. | : |
| **CRAIG SHEAFFER,** *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM and ORDER

In the captioned case, a number of current and former prisoners allege that they were abused by officials at the Mifflin County Correctional Facility ("MCCF") in Lewistown, Pennsylvania. The alleged abuse is set forth in this court's memorandum dated March 7, 2008, and will not be repeated here. In essence, Plaintiffs alleged that such abuse reflects a policy, practice and custom of prisoner abuse and sought injunctive relief. By memorandum and order of March 7, 2008, this court dismissed Plaintiffs' claims for injunctive relief for lack of standing and did not reach the issue of class certification. (Doc. 63.) On March 21, 2008, Plaintiffs filed a timely motion for reconsideration of the March 7, 2008 memorandum and order. (Doc. 65.)

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

      Plaintiffs' motion alleges that they have newly discovered evidence. Newly discovered evidence is evidence of which the aggrieved party was excusably ignorant at the time the adverse order was entered against him. *Bohus v. Beloff*, 950 F.2d 919, 920 (3d Cir. 1991). Plaintiffs claim that discovery has revealed new evidence demonstrating that (1) inmates at MCCF are sometimes placed in restraints if they present a threat to staff, themselves or property (Pl. Br. in Sup. of Mot. for Reconsid. at 3-4, 6-8; *c.f.* Amend. Complaint at ¶¶ 26, 33-35); (2) MCCF uses two types of restraint systems (Pl. Br. in Sup. of Mot. for Reconsid. at 4-5; *c.f.* Amend. Complaint at ¶¶ 26, 33-35); and (3) MCCF has a policy of using restraints. (Pl. Br. in Sup. of Mot. for Reconsid. at 8-9; *c.f.* Amend. Complaint at ¶¶ 1, 101-102). As

can be seen by comparing the cites above, this "new evidence" was present and set forth in Plaintiffs' complaint at the time this court considered Plaintiffs' motion for class certification.

Moreover, this "new evidence" does not cure the standing defect. Specifically, even though Plaintiff's allege a policy of excessive force, they have not alleged facts sufficient to demonstrate that the policy will likely be applied to them again in the future. The cases cited by Plaintiffs do not support Plaintiffs' argument for standing. (*See* Defs.' Br. in Opp. at pp. 16-18 n.9 and 10, adopted herein.)[1]

A case which is similar to the case *sub judice* is *Knox v. McGinnis*, 998 F.2d 1405 (7th Cir. 1993). In *Knox*, the plaintiff prisoner brought an action against prison officials based on the prison officials' use of a "black box." The black box was a restraining device used in transporting segregated prisoners while outside their cell, which covered the chain between the handcuffs. The district court denied relief because the plaintiff was not currently in segregated custody. On appeal, the circuit court held that "Knox cannot establish a real and immediate threat that he again will be subject to use of the black box . . . the mere possibility that Knox may sometime in the future be returned to the segregation unit does not establish a real and immediate case or controversy." *Knox*, 998 F.2d at 1413. The circuit court noted that Knox would be returned to segregation only if he violated a prison rule in the future. The possibility, therefore, of Knox being subject to the black box is speculative. *Id.* at 1414.

Thus it is not enough for Plaintiffs to show the existence of a prison policy of excessive force. Plaintiffs must also show that they are likely to be subject to the policy. Here, the policy identified by Plaintiffs is not one of general

---

[1] The exception is *Van Colln v. Ventura County*, 189 F.R.D. 583 (C.D. Cal. 1999). This case is contra to *Los Angeles v. Lyons*, 461 U.S. 95 (1983), upon which this court relies.

applicability to the entire inmate population, *see, e.g.*, *Ingles v. City of New York*, No. 01 Civ. 8279 (DC), 2003 WL 402565 (S.D.N.Y. Feb. 20, 2003) (holding that inmates established standing to challenge an alleged system-wide policy of excessive force against all inmates), but instead applies only in the context of prison discipline.  Thus, like Knox, Plaintiffs must show not only that MCCF has a policy of excessive force used in disciplining inmates, and that they are current inmates at the facility, but also that they are likely to misbehave in the future and be subject to the policy.[2]  Plaintiffs have made no such allegation, and in any event, it would be speculative to assume that they will be subjected to Defendants' alleged policy of excessive force in the future.  For this reason, Plaintiffs have not established standing to seek injunctive relief in this matter,[3] and their motion for reconsideration will be denied.

       For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for reconsideration is **DENIED**.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: July 29, 2008.

---

[2] It should be noted that the discipline previously received by Plaintiff's Zimmerman and Searer was for continuous kicking of the cell door, (Def. Br. in Opp. , Ex. A, Zimmerman Dep. 118-38) and destruction of the sink, toilet, breaking the cell door window, smashing an electric light, tearing apart mattresses (Def. Br. In Opp. , Ex.B, Searer Dep. 49-51, 58-59, 75-59 and Ex. C, Herb Dep. 110-12, 117-23).

[3] However, as noted in the previous opinion, Plaintiff's allegations of past abuse are sufficient to establish standing to seek compensatory damages for that abuse.